## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**AMAZON.COM, INC.; APPLE, INC.; BARNES & NOBLE, INC.; BESTBUY CO.; BLOOMINGDALE'S, INC.; DELL, INC.; EBAY, INC.; EXPEDIA, INC.; GAP, INC., GSI COMMERCE SOLUTIONS, INC., MACYS.COM, INC.; MICROSOFT CORPORATION; NBA MEDIA VENTURES LLC dba NBA STORE; NIEMAN MARCUS, INC.; NORDSTROM, INC.; OVERSTOCK.COM, INC.; SAKS DIRECT, INC.; SAKS INCORPORATED; TARGET CORPORATION;  VERIZON COMMUNICATIONS, INC.; VERIZON COMMUNICATIONS INC.; BELL ATLANTIC MOBILE SYSTEMS, INC.; GTE WIRELESS INCORPORATED; PCS NUCLEUS, L.P.; JV PARTNER CO, LLC AND CELLCO PARTNERSHIP; AND WAL-MART STORES, INC.**<br><br>        **Defendants.** | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against Defendants Amazon.com, Inc., Apple, Inc., Barnes & Noble, Inc., BestBuy Co., Inc., Bloomingdale's, Inc., Dell, Inc., eBay, Inc., Expedia, Inc., Gap, Inc., GSI Commerce Solutions, Inc., Macys.com, Inc., Microsoft Corporation, NBA Media Ventures LLC dba NBA Store, Nieman Marcus, Inc., Nordstrom, Inc., Overstock.com, Inc., Saks Direct, Inc., Saks Incorporated, Target Corporation, Verizon Communications, Inc., Bell Atlantic Mobile Systems,

Inc., GTE Wireless Incorporated, PCS Nucleus, L.P., JV PartnerCo, LLC and Cellco Partnership and Wal-Mart Stores, Inc. (collectively the "Defendants"):

## THE PARTIES AND PATENTS-IN-SUIT

1.      Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905.  Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.      On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

3.      On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA  95014.

4.      On information and belief, Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a Delaware corporation with its principal place of business located at 122 Fifth Street, New York, New York 10011.

5.      On information and belief, Defendant BestBuy Co., Inc. ("BestBuy") is a Minnesota corporation with its principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.

6.      On information and belief, Defendant Bloomingdale's, Inc. ("Bloomingdales") is a New York corporation with its principal place of business located at 1000 Third Avenue, New York, New York 10022.

7.     On information and belief, Defendant Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business located at One Dell Way, Round Rock, Texas 78682.

8.     On information and belief, Defendant eBay, Inc. ("eBay") is a Delaware corporation with its principal place of business located at 2145 Hamilton Avenue, San Jose, California 95125.

9.     On information and belief, Defendant Expedia, Inc. ("Expedia") is a Washington corporation with its principal place of business located at 333 108th Avenue NE, Bellevue, Washington 98004.

10.     On information and belief, Defendant Gap, Inc. ("Gap") is a Delaware corporation with its principal place of business located at 2 Folsom Street, San Francisco, California 94105.

11.     On information and belief, Defendant GSI Commerce Solutions, Inc. ("GSI") is a Pennsylvania corporation with its principal place of business located at 935 1st Ave, King of Prussia, Pennsylvania 19406.

12.     On information and belief, Defendant Macy's.com, Inc. ("Macy's") is a New York corporation with its principal place of business located at 685 Market Street, San Francisco, California 94105.

13.     On information and belief, Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052-6399.

14.     On information and belief, Defendant NBA Media Ventures LLC dba NBA Store ("NBA Store") is a Delaware corporation with its principal place of business located at 645 5th Avenue, New York, New York 10022.

15.     On information and belief, Defendant Neiman Marcus, Inc. ("Neiman Marcus") is a Delaware corporation with its principal place of business located at 1618 Main Street, Dallas, Texas 75201.

16.     On information and belief, Defendant Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business located at 1617 Sixth Avenue, Seattle, Washington 98101.

17.     On information and belief, Defendant Overstock.com, Inc. ("Overstock") is a Delaware corporation with its principal place of business located at 6350 South 3000 East, Salt Lake City, Utah 84121.

18.     On information and belief, Defendant Saks Direct, Inc. ("Saks Direct") is a Florida corporation with its principal place of business located at 12 E. 49th Street, New York, New York 10017.

19.     On information and belief, Defendant Saks Incorporated ("Saks Inc.") is a Tennessee corporation with its principal place of business located at 12 E. 49th Street, New York, New York 10017.

20.     On information and belief, Defendant Target Corporation. ("Target") is a Minnesota corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

21.     On information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business located at 702 SW Eighth Street, Bentonville, Arizona 72716.

22.     On information and belief, Defendant Verizon Communications Inc. is a corporation organized under the laws of Delaware with its corporate headquarters and principal place of business at 140 West Street, New York, New York 10007.

23.     On information and belief, Defendant Bell Atlantic Mobile Systems, Inc. is a corporation organized under the laws of Delaware with its corporate headquarters and principal place of business at 180 Washington Valley Rd., Bedminster, New Jersey 07921.

24.     On information and belief, Defendant GTE Wireless Incorporated is a corporation organized under the laws of Delaware with its corporate headquarters and principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

25.     On information and belief, Defendant PCS Nucleus, L.P. is a limited partnership organized under the laws of Delaware with its headquarters and principal place of business at Denver Place, South Tower, 999 – 18th Street, Suite 1750, Denver, Colorado 80202.

26.     On information and belief, JV PartnerCo, LLC is a limited liability company organized under the laws of Delaware with its company headquarters and principal place of business at Denver Place, South Tower, 999 – 18th Street, Suite 1750, Denver, Colorado 80202.

27.     On information and belief, Defendant Cellco Partnership, doing business as Verizon Wireless, is a general partnership organized under the laws of Delaware with is headquarters and principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.  (Verizon Communications Inc., Bell Atlantic Mobile Systems, Inc., GTE Wireless

Incorporated, PCS Nucleus, L.P., JV PartnerCo, LLC and Cellco Partnership are collectively referred to herein as "Verizon" or the "Verizon Defendants.")

## JURISDICTION AND VENUE

28.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

29.     On information and belief, Defendants are subject to this Court's jurisdiction because the Defendants have, upon information and belief, transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of their products and services in the State of Delaware.  Defendants Amazon, Barnes & Noble, Dell, eBay, Gap, Neiman Marcus, Overstock.com and Wal-Mart moreover, are corporations organized and existing under the laws of the State of Delaware.  All Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District.

30.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

31.     On June 26, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,236,942 ("the '942 patent"), entitled "Pre-Sale Data Broadcast System and Method" to Jay S. Walker, Daniel E. Tedesco and Magdalena Mik Fincham, who assigned their rights and interests in the '942 patent to Walker Digital.  A true and correct copy of the '942 patent is attached as Exhibit A.

32.     Walker Digital is thus the owner of the '942 patent.

## FACTUAL BACKGROUND

33.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.   Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.   The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

34.     Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and the team of innovators.  This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the pre-sale data broadcast system and method described and claimed in the '942 patent, were a direct result of that investment.

35.     The '942 patent represents breakthrough technology in the field of electronic computer- and internet-based commerce and marketing ("e-commerce").  Through the inventions of the '942 patent, e-commerce retailers and merchants use a consumer's identified original

product to determine and offer a substitute product to the consumer, thereby increasing their overall sales.  By way of example and not limitation, the e-commerce retailers and merchants receive transaction data from consumers regarding an original product, such as a Blu-ray or DVD of the movie Inception or a silver charm bracelet, through their websites, transmit that data to their servers to determine possible substitute products, such as a Blu-ray or DVD of the movie Salt or a canary stone heart prong ring, offer those substitute products to the consumers through their websites and consummate sales of the original and substitute products depending on input from the consumer.

## COUNT I

### (Infringement of the '942 Patent)

36.      Walker Digital incorporates and realleges the allegations of paragraphs 1-35.

37.      Upon information and belief, Defendant Amazon is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Amazon.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a paperback book, through its website, transmits that data to its server to determine a possible substitute product, such as a Kindle edition of the book, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

38.     Upon information and belief, Defendant Apple is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including iTunes, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as DVD movie, through iTunes, transmits that data to its server to determine a possible substitute product, such as a different DVD movie, offers the substitute product to the consumer through iTunes, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

39.     Upon information and belief, Defendant Barnes & Noble is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including BarnesandNoble.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a DVD movie, through its website, transmits that data to its server to determine a possible substitute product, such as a different DVD movie, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

40.     Upon information and belief, Defendant BestBuy is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Bestbuy.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a Blu-ray movie, through its website, transmits that data to its server to determine a possible substitute product, such as a different Blu-ray movie, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

41.     Upon information and belief, Defendant Bloomingdales is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Bloomingdales.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as an item of jewelry, through its website, transmits that data to its server to determine a possible substitute product, such as a different item of jewelry, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

42.     Upon information and belief, Defendant Dell is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Dell.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as an LCD monitor, through its website, transmits that data to its server to determine a possible substitute product, such as a different LCD monitor, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

43.     Upon information and belief, Defendant eBay is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including eBay.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a DVD movie, through its website, transmits that data to its server to determine a possible substitute product, such as a different DVD movie, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

44.     Upon information and belief, Defendant Expedia is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Expedia.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a hotel reservation, through its website, transmits that data to its server to determine a possible substitute product, such as a different hotel in the same city or area, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

45.     Upon information and belief, Defendant Gap is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Gap.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a dress, through its website, transmits that data to its server to determine a possible substitute product, such as a different dress, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

46.     Upon information and belief, Defendant Macy's is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including macys.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a jacket, through its website, transmits that data to its server to determine a possible substitute product, such as a different jacket, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

47.     Upon information and belief, Defendant Microsoft is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Microsoftstore.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a webcam, through its website, transmits that data to its server to determine a possible substitute product, such as a different webcam, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

48.     Upon information and belief, Defendant Nieman Marcus is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Niemanmarcus.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.   By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a dress, through its website, transmits that data to its server to determine a possible substitute product, such as a different dress, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

49.     Upon information and belief, Defendant Nordstrom is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Nordstrom.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.   By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a pair of shoes, through its website, transmits that data to its server to determine a possible substitute product, such as a different pair of shoes, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

50.     Upon information and belief, Defendants NBA Store and GSI are infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including NBAstore.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a basketball jersey, through its website, transmits that data to its server to determine a possible substitute product, such as a different basketball jersey, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

51.     Upon information and belief, Defendant Overstock is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Overstock.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as an LCD monitor, through its website, transmits that data to its server to determine a possible substitute product, such as a different LCD monitor, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

52.    Upon information and belief, Saks Direct and Saks Incorporated are infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Saksfifthavenue.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a pair of shoes, through its website, transmits that data to its server to determine a possible substitute product, such as a different pair of shoes, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

53.    Upon information and belief, Defendant Target is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Target.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a Blu-ray movie, through its website, transmits that data to its server to determine a possible substitute product, such as a different Blu-ray movie, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

54.     Upon information and belief, Defendant Verizon is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Walmart.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a Bluetooth® headset, through its website, transmits that data to its server to determine a possible substitute product, such as a different Bluetooth® headset, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

55.     Upon information and belief, Defendant Wal-Mart is infringing (literally and/or under the doctrine of equivalents) the '942 patent in this District and throughout the United States by, among other things, making and using systems for promoting a sale of a substitute product, including Walmart.com, covered by, without limitation, claims 1, 12 and 13 of the '942 patent.  By way of example and without limitation, Defendant receives transaction data from a consumer regarding an original product, such as a printer, through its website, transmits that data to its server to determine a possible substitute product, such as a different printer, offers the substitute product to the consumer through its website, consummates the sale of the original product if no information concerning a substitute product offering is received or the consumer declines the substitute offering, and consummates the sale of the substitute product upon acceptance of the offer of the substitute product by the consumer.

56.     Defendants committed these acts of infringement without license or authorization.

57.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '942 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a)     A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '942 patent;

(b)     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '942 patent;

(c)     A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '942 patent;

(d)     A judgment and order finding that this is an exceptional case within the meaning

        of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees;

        and

(e)     Any and all such other relief as the Court deems just and proper.

April 11, 2011                                      BAYARD, P.A.


OF COUNSEL:                                         /s/ Stephen B. Brauerman (sb4952)
                                                    Richard D. Kirk (rk0922)
    James C. Otteson                                Stephen B. Brauerman (sb4952)
    Monica M. Eno                                   222 Delaware Avenue, Suite 900
    David A. Caine                                  P.O. Box 25130
    Xiang Long                                      Wilmington, DE  19899
    Agility IP Law, LLC                             rkirk@bayardlaw.com
    1900 University Circle                          sbrauerman@bayardlaw.com
    Suite 201                                       (302) 655-5000
    East Palo Alto, CA  94303
    jim@agilityiplaw.com                            Attorneys for Plaintiff Walker Digital, LLC
    monica@agilityiplaw.com
    dacaine@agilityiplaw.com
    longxiang@agilityiplaw.com
    (650) 227-4800